# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Tyrone A. Ravenell, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 6:15-cv-1743-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner's objections to United States Magistrate Judge Kevin F. McDonald's report and recommendation ("R & R") (ECF Nos. 46 & 43) that the Court grant Respondent's summary judgment motion (ECF No. 24) and dismiss Petitioner's motion for relief under 28 U.S.C. § 2254. For the reasons provided herein, the Court overrules the objections, grants the summary judgment motion, and dismisses the case.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a timely, specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of

1

the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting summary judgment on all seven of Petitioner's asserted grounds for relief. Petitioner's objections relate to the first six grounds.[1]

### I.  First, Fourth, Fifth, and Sixth Grounds

Petitioner's first, fourth, fifth, and sixth grounds relate to trial counsel's purported failure to prepare adequately for trial. Addressing those four grounds together, the Magistrate Judge concluded Petitioner has not shown that the PCR court's analysis of those grounds involved either an unreasonable application of clearly established federal law, *see* § 2254(d)(1), or an unreasonable determination of the facts, *see* § 2254(d)(2). Among other things, the Magistrate Judge found ample support for the PCR court's finding that trial counsel was credible. In his first objection, Petitioner contends the record proves that trial counsel was not credible.[2] However, this Court agrees with the Magistrate Judge that the record supports the PCR court's credibility determination and thus the PCR court did not make an unreasonable factual decision. The Court therefore overrules Petitioner's objection.

### II.  Second and Third Grounds

In his second and third grounds, Petitioner faults trial counsel for not securing a purported alibi witness for trial. The PCR court denied relief on this theory, finding that Petitioner had not established prejudice under *Strickland v. Washington*, 466 U.S. 648 (1984),

---

1.   Petitioner does not object to the portion of the R & R addressing the seventh ground for relief. Seeing no clear error in that analysis or in the Magistrate Judge's recommendation, the Court adopts them.

2.   In his objection, Petitioner cites § 2254(d)(1), which relates to errors of law. However, he then states the PCR court unreasonably determined the facts—an argument that falls under § 2254(d)(2)—and cites portions of the record. As such, it appears Petitioner intended to object only to the Magistrate Judge's § 2254(d)(2) analysis. Nonetheless, out of an abundance of caution, the Court has also carefully reviewed the Magistrate Judge's § 2254(d)(1) analysis. It finds no error therein.

because he did not provide evidence of the testimony that the purported alibi witness would have offered at trial. Addressing the second and third grounds together, the Magistrate Judge found the PCR court's determination well-supported in both the law and the record.

Petitioner argues his failure to produce the witness at the PCR hearing should not excuse trial counsel's failure to produce the alibi witness at trial. That is a contention about what the law of ineffective assistance claims *should be*. The question before this Court, however, is whether PCR court reasonably applied *existing* ineffective-assistance law. Like the Magistrate Judge, this Court answers that question in the affirmative. Accordingly, it overrules Petitioner's objection.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the R & R.[3] It is **ORDERED** that Respondent's motion for summary judgment is **GRANTED** and that Petitioner's § 2254 application is **DISMISSED** with prejudice.[4]

AND IT IS SO ORDERED.

PATRICK MICHAEL DUFFY
United States District Judge

**June 28, 2016**
**Charleston, South Carolina**

---

3. The Court makes one substitution: in the *Harrington v. Richter* citation following the block quotation on page 15 of the R & R, "104" is replaced with "105."

4. The Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).